CULPEPPER, Judge.
The plaintiff, L. M. Baggett, alleging himself to be the owner of certain land, filed a rule to evict therefrom the defendant, Mid-State Sand & Gravel Company, Inc. He contends defendant’s sand and gravel lease has terminated. Defendant answered, contending the lease is still in effect. From a judgment dismissing his suit, plaintiff appealed.
The issue is the interpretation of provisions in the lease that the primary term is five years “or as long thereafter as merchantable sand or gravel or either of them is produced therefrom.” Plaintiff contends that under the holding of Sharpe v. Jenkins, 150 So.2d 353 (1st Cir. 1963), the primary term of the lease has expired, that all rights under the original lease have terminated, and any rights to occupancy which defendant has are by reconduction on a month to month basis, which rights have likewise terminated by plaintiff’s timely notice to vacate.
The facts are that on October 9, 1964 Mr. and Mrs. Baggett leased the land to Southern Silica of Louisiana, Inc., for the prospecting for and removal of sand, gravel and soil. Paragraph No. 2 of the lease provides:
“Subject to the other provisions herein contained, this lease shall be for a term of five (5) years from this date, hereinafter referred to as primary term, or as long thereafter as merchantable sand or gravel or either of them is produced therefrom.”
On August 2, 1971, Mr. and Mrs. Bag-gett entered into an amendment of the lease with the defendant, Mid-State Sand & Gravel Company, Inc., the successor corporation to Southern Silica of Louisiana, Inc., the original lessee. The amendment added 2.87 acres to the land leased and changed certain provisions for payment of royalties. Additionally, paragraph 4 of the amendment states that Mr. and Mrs. Bag- *635 gett acknowledge that the original lease of October 8, 1964 is in full force and effect and that all royalties due them as of August 1, 1971 had been paid.
On October 24, 1974, plaintiff mailed to defendant a “Notice To Vacate” his property within five days. These eviction proceedings followed.
The district judge states in his written reasons that at the trial it was stipulated' by the parties that sand and gravel have been and continue to be produced in paying quantities and that all royalty payments due have been paid. The defendant contends that under the provisions of paragraph 2, quoted above, of the lease the primary term continues in effect as long as sand or gravel is produced.
The plaintiff relies on Sharpe v. Jenkins, 150 So.2d 353 (1st Cir. 1963) in which a sand and gravel lease contained this provision :
“ ‘The term of this lease shall be for a period of one year, and Lessee shall have the option of annually renewing said lease for a period of four years, provided that Lessee notifies Lessor in writing 30 days prior to the expiration of said lease each year that he renews this lease that he is exercising his option to renew it, and further provided that if at any time Lessee is removing sand, gravel or clay gravel in paying quantities that this lease shall automatically continue as long as the production is had in paying quantities * * ”
The court in Sharpe held that this provision of the lease is ambiguous and must be construed against the lessee who drew it. The decision states that since the provision, that the lease “shall automatically continue as long as the production is had in paying quantities”, is in the same paragraph as the provision relating to the exercise of the option to renew the lease in each of the four years succeeding the first, these provisions could be construed as merely providing a way by which the lessee could renew the lease each year without the necessity and formality of sending a written notice to the lessor. The court stated it saw no reason why these provisions should be held to extend the maximum term of the lease which is limited in the contract to five years.
Plaintiff argues that in the present lease, paragraph 2, quoted above, begins with the statement “Subject to the other provisions herein contained”, and then states that the primary term is five years or as long thereafter as production continues. The contention of plaintiff is that “the other provisions” which bring this lease within the rule of the Sharpe case, are contained in paragraph 5, which reads in pertinent part as follows:
“If mining and production operations are not commenced on said land on or before one hundred eighty (180) days from the date hereof, then this lease shall terminate as to both parties, unless the lessee shall on or before the expiration of said one hundred eighty (180) days deposit to the account of the owner of the above described property carried in the Calca-sieu-Marine National Bank, Kinder, Louisiana, under the name of lessor, an advance payment of royalty accruing hereunder of $1.00 per acre every 180 days until there is production on land, which shall operate as rental and cover the privilege of deferring the commencement of mining and production operations for a period of one hundred eighty (180) days. In like manner and upon like payment or tender, the commencement of mining and producing operations may be further deferred to like periods successively during a period of five (5) years. Said lease may be renewed for an additional five-year period for the same conditions and consideration.”
A mere reading of the portion of paragraph 5 quoted above shows that it deals with the period of time within which mining and production must be commenced, or, if no mining or production is had, then *636 certain rentals must be paid. Although, of course, paragraph 5 provides that the lease terminates if mining and production operations are not commenced and no rentals are paid within the times specified, these provisions in paragraph 5 are of no effect where, as here, mining and production operations were admittedly commenced timely and continued to the date of trial.
Furthermore, unlike the lease provisions in the Sharpe case, the provisions in the present lease for continuation of the primary term as long as sand or gravel are produced, are found in an entirely separate paragraph. Here, the provisions for the primary term are in paragraph 2, which states clearly and without ambiguity that the primary term of the lease is for five years “or as long thereafter as merchantable sand or gravel or either of them is produced therefrom.” The provisions of paragraph 5 on which plaintiff relies are in a separate paragraph dealing with commencement of production or payment of delay rentals in lieu thereof.
We conclude the Sharpe case is distinguished from the present matter since the lease provisions are different. Here, the primary term of the original lease is still in effect.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.
MILLER, J., dissents and assigns written reasons.